IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

**WILSON L. CLOW JR.**                                          Civil No. 1:12-cv-00149-CL
**THE CLOW FAMILY,**
                                                               **REPORT AND RECOMMENDATION**
            Plaintiff,

    v.

**GRANTS PASS PUBLIC SAFETY OFFICE**
**OFFICER J. MOORE IN HIS OFFICIAL**
**CAPACITY, OFFICER BLICH AND**
**SGT. HAMILTON, DEPUTY CHIEF LANDIS**
**THEIR OFFICIAL CAPACITY AND**
**JOSEPHINE COUNTY DISTRICT**
**ATTORNEYS OFFICE AND DONALD AND**
**LORRAINE MOORE AS EMPLOYEES**
**AND AGENTS OF, BARBARA G.**
**BEAN, AND BARBARA G. BEAN**
**D.B.A. REDWOOD CENTER,**

            Defendants.


CLARKE, Magistrate Judge:

        Plaintiff has filed a complaint captioned, "Civil Tort: Complaint for Monitary [sic]

Damages for Violation of Civil Rights, Unlawfull [sic] Detainer, Harassment, False

Report and Recommendation - Page 1

Reporting[,] Conspiracy to Violate Civil Rights, Interference with Commerce, Defamation."[1] This court appears to have jurisdiction pursuant to 28 U.S.C. § 1331. Defendants Grants Pass Public Safety Office, Officer John Moore, Officer Kevin Blaich, Sgt. Jim Hamilton, and Deputy Chief Bill Landis (city defendants) have filed a motion for summary judgment (#26). Plaintiff filed a response and counter motion for summary judgment in opposition (#34). The Court advised plaintiff, who is proceeding pro se, of summary judgment standards (#35) and plaintiff filed additional materials with the court and a motion for summary judgment (#43). For the reasons explained, city defendants' motion for summary judgment should be granted and plaintiff's motions for summary judgment should be denied.

## LEGAL STANDARDS

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(a); Walls v. Cent. Contra Costa Transit Auth., 653 F.3d 963, 966 (9th Cir. 2011) (per curiam). The court cannot weigh the evidence or determine the truth but may only determine whether there is a genuine issue of fact. Playboy Enters., Inc. v. Welles, 279 F.3d 796, 800 (9th Cir. 2002). An issue of fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

The moving party must carry the initial burden of proof. Celotex Corp. v. Catrett, 477

---

[1] Plaintiff has voluntarily dismissed defendant Don Moore and defendant Lorraine Moore (#11, #12).

U.S. 317, 322-24 (1986). The moving party meets this burden by identifying for the court portions of the record on file which demonstrate the absence of any genuine issue of material fact. Id.; Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). In assessing whether a party has met its burden, the court views the evidence in the light most favorable to the non-moving party. Allen v. City of Los Angeles, 66 F.3d 1052, 1056 (9th Cir. 1995). All reasonable inferences are drawn in favor of the non-movant. Gibson v. Cnty. of Washoe, 290 F.3d 1175, 1180 (9th Cir. 2002).

If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts which show there is a genuine issue for trial. Fed. R. Civ. P. 56(e)(2); Auvil v. CBS "60 Minutes", 67 F.3d 816, 819 (9th Cir. 1995); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 & n.4 (1986). Summary judgment should be granted for the movant, if appropriate, in the absence of any significant probative evidence tending to support the opposing party's theory of the case. Fed. R. Civ. P. 56(e); THI-Hawaii, Inc. v. First Commerce Fin. Corp., 627 F.2d 991, 993-94 (9th Cir. 1980); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 290 (1968). Conclusory allegations, unsupported by factual material, are insufficient to defeat a motion for summary judgment. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts which show there is a genuine issue for trial. Devereaux, 263 F.3d at 1076.

## BACKGROUND

The court has reviewed the summary judgment record in the light most favorable to plaintiff. The court does note that plaintiff's initial response contained no affidavit or

declarations under oath nor does plaintiff's memorandum in support of Counter Motion for

Summary Judgement filed on March 29, 2012.  Plaintiff did file sworn statements from

himself and Salvador Corona on April 6, 2012.  Although the caption lists numerous alleged

claims, it is difficult for the court to understand the legal or factual basis for plaintiff's

claims.  Plaintiff's "First Cause of Action" appears to be directed against these moving city

defendants.  The pleading is full of conclusory allegations that cannot be considered by the

court.  Plaintiff for example refers to an alleged "conspiracy"but there are no facts alleged to

support such a claim.  Plaintiff also broadly without factual support concludes that these

moving defendants are biased in favor of defendant Bean because of political connections

However, the court liberally construes  plaintiff's First Cause of Action as stating a claim

under 42  U.S.C 1983 for deprivation of his Fourth Amendment rights under " color of law".

The gist of Plaintiff's claim against the city defendants is that based on false information

from the property managers, Don and Lorraine Moore ( "Property Managers") for defendant

Bean, Officer Moore in his official capacity as a Grants Police Officer, unlawfully stopped

and seized plaintiff and confiscated his concealed weapons permit in violation of the Fourth

Amendment.  This is the claim the court will review based on the record before the court.

Defendant Bean owns a commercial complex located at 1720 Redwood Avenue in

Grants Pass that leases space to tenant businesses.    It is undisputed that Officer Moore on

the morning of February 1, 2011 was advised by the property managers for defendant Bean

that plaintiff had threatened them and they wanted him trespassed from the property.  Officer

Moore spoke to Don Moore who said he and his wife were the property managers.  Based on

his belief that the managers had the right to ban Plaintiff from the property, Defendant Moore

Report and Recommendation - Page 4

telephoned plaintiff and told him the managers did not want hm on the property. Plaintiff was not cooperative with Officer Moore, advising that the mangers did not have authority to ban him form the property. Plaintiff has submitted information that he was welcome by at least one business, the Super Mini-Mart & Deli located at the property and over about 15 years had went to other businesses including his insurance agent and a copy and mail service called Copy Masters, the owner of which had some prior dispute with the managers. Plaintiff also disputed the information the managers told Officer Moore.  Later in the afternoon, officer Moore was contacted by the mangers who advised that plaintiff had returned to the property. Officer Moore is not related and has no relationship to the managers or plaintiff. Officer Moore returned to the property and followed Plaintiff as he drove his vehicle from the property. Officer Moore stopped plaintiff's vehicle on Dowell road and obtained his drivers license, registration and proof of insurance. Officer Moore returned to his vehicle and found out through dispatch that plaintiff had a concealed weapons permit. Back up officer Hamilton contacted the Josephine County Sheriff's Office, who advised that the concealed weapons permit be returned to the Sheriff's office for further action. Officer Moore issued a citation to plaintiff for Criminal Trespass II but was not arrested. Officer Moore also took the concealed weapons permit. The encounter lasted about 14 minutes. The District Attorney for Josephine County initially filed charges on the citation but later dismissed them. The concealed weapons permit was returned to plaintiff.

Report and Recommendation - Page 5

## DISCUSSION

The court does not construe the First Cause of Action as stating any viable legal claim against defendants Blich and Hamilton who took no active role in the decision to stop and issue a citation to plaintiff but merely served as back up to officer Moore. Similarly, the court does not see any viable claim against defendant Landis who had no involvement in the stop and only talked to plaintiff later. It is recommended that summary judgement be entered for these defendants.

The city defendants move for summary judgement on the basis that Officer Moore had reasonable suspicion and probable cause for the traffic stop and to issue the citation at issue. Officer Moore also contends that he was specifically authorized by ORS 166.293 to seize the concealed handgun permit and is shielded from liability by ORS 166. 291 (6). It appears that plaintiff has a contentious history with the managers for defendant Bean, the details of which are not clear based on this record. Plaintiff contends that the information the managers told officer Moore about threats by plaintiff were false and they had no authority to exclude him from businesses that were open to the public. Therefore plaintiff contends officer Moore had no cause to stop him, issue a citation or seize his concealed weapons permit.

Defendants have cited authority that a police officer only needs "reasonable suspicion" that a crime has been committed to stop a motorist. Bingham v. City of Manhattan Beach, 341 F.3d 939, 946 (9th Cir. 2003) The reasonable suspicion standard is a less demanding standard than probable cause and merely requires a minimal level of objective justification. Gallegos v. City of Los Angeles, 308 F. 3d 987, 990 ( 9th Cir.2002) Reasonable suspicion exists "when the

Report and Recommendation - Page 6

detaining officer is aware of specific facts, together with rational inferences from those facts, that reasonably warrant suspicion that the law is being broken." United States v. Collom, 614 F. 2d 624, 628 (9th Cir. 1979) Defendants further contend that Officer Moore had even the higher standard of 'probable cause' to stop and issue a citation to plaintiff. The court agrees.

It is unclear based on the record and briefing whether the managers for defendant Bean had the legal authority to exclude plaintiff from businesses open to the public who were prepared to welcome plaintiff. Plaintiff also argues without any real factual support that Don Moore was not a manager of the property. However, the court does not need to reach these issues as it relates to these moving city defendants. It is undisputed that Officer Moore had specific information that plaintiff had allegedly threatened persons who he reasonably understood to be the managers, who wanted plaintiff trespassed from the property. There is no information in the record to suggest that Officer Moore did not reasonably believe that the managers had this authority. Plaintiff was warned by Officer Moore to not return to the property. Plaintiff returned to the property. Officer Moore saw plaintiff leaving the property. The court finds as a matter of law that officer Moore had reasonable suspicion and probable cause to believe plaintiff committed a crime, briefly stop him and issue the citation. To the extent plaintiff is seeking to allege a state law false imprisonment claim, that should be dismissed for the same reasons. Officer Moore also had authority under ORS 166. 293 to seize the concealed weapons permit upon direction from the Sheriff Office.

Defendants also contend that even if Officer Moore did not have lawful authority to stop and cite plaintiff, he is protected by Qualified Immunity. The court agrees.

Qualified Immunity shields officials from liability for their actions, so long as they do

not violate a clearly established right. <u>Saucier v. Katz</u>, 533 U.S. 194, 202, 121 S Ct. 2151 (2001) As cited by defendants, the court in <u>Saucier</u> stated that, "[t]he relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted". Id.   Qualified Immunity normally involves a two-step analysis.  First, taken in the light most favorable to the party asserting the injury, do the facts alleged show the officers conduct violate a constitutional right?"Id. At 194,201.  Second, if yes, was the constitutional right "clearly established?". Id.

Even if was a violation, there is nothing in this record to indicate that defendant Moore,  violated a "clearly established right" of plaintiff.  Officer Moore was acting on information from the property managers and again there is nothing on this record to suggest he did not reasonably believe they had the authority to ban plaintiff from the property.  It is undisputed that plaintiff returned to the property. .  The fact that the District Attorney later dismissed the charges is not relevant to what Officer Moore knew at the time of the stop and citation.

## RECOMMENDATION

Based on the foregoing, it is recommended that city defendants' motion for summary judgment (#26) be granted and the claims against city defendants be dismissed, and that plaintiff's counter motion for summary judgment (#34) and motion for summary judgment (#43) be denied.

*This recommendation is not an order that is immediately appealable to the Ninth*

Report and Recommendation - Page 8

*Circuit Court of Appeals*. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. *Objections to this Report and Recommendation, if any, are due by July 20, 2012. If objections are filed, any response to the objections are due by August 6 , 2012, see Federal Rules of Civil Procedure 72 and 6.*

Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this __2__ day of July 2012.

MARK D. CLARKE
UNITED STATES MAGISTRATE JUDGE