IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

WILSON L. CLOW JR.
THE CLOW FAMILY,

    Plaintiff,

v.

GRANTS PASS PUBLIC SAFETY OFFICE
OFFICER J. MOORE IN HIS OFFICIAL
CAPACITY, OFFICER BLICH AND
SGT. HAMILTON, DEPUTY CHIEF LANDIS
THEIR OFFICIAL CAPACITY AND
JOSEPHINE COUNTY DISTRICT
ATTORNEYS OFFICE AND DONALD AND
LORRAINE MOORE AS EMPLOYEES
AND AGENTS OF, BARBARA G.
BEAN, AND BARBARA G. BEAN
D.B.A. REDWOOD CENTER,

    Defendants.

Civil No. 1:12-cv-00149-CL

**REPORT AND RECOMMENDATION**

CLARKE, Magistrate Judge:

    Plaintiff Wilson L. Clow, Jr., who is proceeding pro se, has filed an amended complaint captioned, "Civil Tort: Amended Complaint for Monitary [sic] Damages for Violation of Civil Rights, Unlawfull [sic] Detainer, Harassment, False Reporting[,]

Report and Recommendation - Page 1

Conspiracy to Violate Civil Rights, Interference with Commerce, Defamation."[1] Before the court is defendant Barbara G. Bean, dba Redwood Center's, motion to dismiss for failure to state a claim (#62). Plaintiff did not file a response to the motion. For the reasons explained, defendant's motion to dismiss should be granted.

## FACTUAL BACKGROUND

Defendant is the owner of Redwood Center, a commercial complex that leases space to tenant businesses. Defendant hired Donald and Lorraine Moore as property managers of Redwood Center. Plaintiff alleges that defendant hired the Moores in part to try to get Dan Laird, a lessor at Redwood Center, to break his Redwood Center lease, and that the Moores accomplished this by harassing Laird's customers, including plaintiff. Plaintiff alleges that Laird sued defendant and her employees for this harassment, and that plaintiff testified on the Laird's behalf at the civil trial.

Plaintiff alleges that after the trial, defendant and the Moores continually "harassed" and "libeled" plaintiff. Specifically, plaintiff alleges that on February 2, 2011, Donald and Lorraine Moore told a Grants Pass Police Officer that plaintiff had threatened the Moores at Redwood Center, and that they wanted plaintiff trespassed from the property. The police officer then spoke with plaintiff on the phone and told him that the property managers did not want him at Redwood Center. Later in the afternoon on February 2, 2011, plaintiff returned to Redwood Center, and the Moores contacted the police officer. The officer returned to

---

[1] Plaintiff voluntarily dismissed defendants Don Moore and Lorraine Moore (#11, 12), and defendant Mutual of Omaha Insurance (#66, 67). On their motions, the court dismissed defendant Josephine County District Attorney's Office (#15, 51, 60), and city defendants Grants Pass Public Safety Office, Officer John Moore, Officer Kevin Blaich, Sgt. Jim Hamilton, and Deputy Chief Bill Landis (#26, 53, 64).

Report and Recommendation - Page 2

Redwood Center, and followed plaintiff's car as it left the parking lot. The officer stopped plaintiff's vehicle nearby, and issued a citation to plaintiff for Criminal Trespass II and took a concealed weapons permit that belonged to plaintiff. The District Attorney for Josephine County filed charges on the citation, which were later dismissed. Plaintiff alleges that defendant donated heavily to the District Attorney, and that defendant conspired with the District Attorney to file the charges.

## CAUSES OF ACTION

Plaintiff's amended complaint states three causes of action. In the first cause of action, plaintiff states that defendant "did conspire to deprive me of my Constitutional Rights, did cause a false arrest and malicious prosecution." Specifically, plaintiff alleges the following:

> Barbara G. Bean hired Donald and Lorraine Moore to harass Dan Laird of CopyMasters into going out of business and moving out of the center as she was greedy and wanted to break his lease. This included their harassment of customers who used the service of that business including me. I testified at trial between Dan Laird and Barbara Bean and her employee's [sic] and told of their harassment and unlawful activity for which Dan Laird won the case. I was a marked man thereafter and harassed continually by Donald and Lorraine Moore at that location and was libeled by Barbara G. Bean to all future tenants by Mrs. Bean in any meetings she had.
>
> In an email discovered in the case against the City of Grants Pass correspondence between Barbara G. Bean and Donald and Lorraine Moore without the city being copied state a conspiracy between them and the police to falsely arrest me and to try to ban me from public property where the owner requested and encouraged my presence. The resulting arrest for criminal trespass was based on lies and fiction created by Donald and Lorraine Moore with the consent and input of Barbara G. Bean and the fact this private e-mail was in the city's discovery documents clearly shows a conspiracy between the City of Grants Pass, their Public Safety Office, and the District Attorney's office to maliciously prosecute Wilson Clow.

Report and Recommendation - Page 3

In plaintiff's second cause of action, plaintiff alleges "[c]onspiracy to maliciously prosecute Wilson L. Clow Jr. with no legal basis but Barbara G. Bean and her employee's [sic] say so." Plaintiff also states in the second cause of action that defendant donates heavily to the Josephine County District Attorney's office, and reiterates his allegation that defendant conspired with the City of Grants Pass Public Safety Office and the Josephine County District Attorney's Office to arrest and file charges against plaintiff.

Plaintiff's third cause of action states:

> Barbara Bean, Donald Moore and Lorraine Moore in their official capacity as employee's [sic] of Barbara Bean, DBA Redwood Center [sic]. Did [sic] conspire to make a false police report, did conspire to deprive me of my Constitutional Rights, did cause a false arrest and malicious prosecution. Further Barbara Bean, Donald and Lorraine Moore did commit Defamation against my person and my family...I have received a copy of an e-mail between Barbara Bean and the Moore's which was rendered to the Lesser of the property Salvador Corona, from Mr. Corona which states Neither [sic] of them (Laird or Will) nor their kin (!) should be allowed on the property, meaning the property at 1720 Redwood Ave, the property that I was arrested [sic] for allegedly committing Criminal Trespass and where the Police subsequently denied me access to under threats of further arrest and harassment. Further Mr. Corona and Scott [sic] the owners of Papa's Barbeque located at the same property have told me that Barbara Bean mentioned me in a derogatory manner and defamed me in several conversations with them.

## LEGAL STANDARDS

In considering whether a complaint states a claim for relief under Federal Rules of Civil Procedure 12(b)(6), the factual allegations in the complaint, taken as true, must be sufficient to "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662

(2009) (*quoting* Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (*citing* Twombly, 550 U.S. at 556); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

In ruling on a motion to dismiss, the court accepts the complaint's allegations of material fact as true and construes these allegations in favor of the non-moving party. N. Cnty. Cmty. Alliance, Inc. v. Salazar, 573 F.3d 738, 742 (9th Cir. 2009). In ruling on cases with *pro se* plaintiffs, the court construes the pleadings liberally and affords the plaintiff the benefits of any doubt. *See* Karim Panahi v. L.A. Police Dept., 839 F.3d 621, 623 (9th Cir. 1988); *see also* Ferdik v. Bonzelet, 963 F.3d 1258, 1260-61 (9th Cir. 1992). In addition, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. Karim-Panahi, 829 F.3d at 623-24.

Federal courts are courts of limited jurisdiction, and may only adjudicate cases which the Constitution and Congress authorizes them to adjudicate. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994). Jurisdiction in federal court must be based either on a claim arising under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331, or on diversity of citizenship, which applies to suits totaling more than $75,000 in controversy between citizens of different states, 28 U.S.C. § 1332. A claim arises under federal law if "federal law creates the cause of action ... or plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983).

Report and Recommendation - Page 5

(2009) (*quoting* Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (*citing* Twombly, 550 U.S. at 556); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

In ruling on a motion to dismiss, the court accepts the complaint's allegations of material fact as true and construes these allegations in favor of the non-moving party. N. Cnty. Cmty. Alliance, Inc. v. Salazar, 573 F.3d 738, 742 (9th Cir. 2009). In ruling on cases with *pro se* plaintiffs, the court construes the pleadings liberally and affords the plaintiff the benefits of any doubt. *See* Karim Panahi v. L.A. Police Dept., 839 F.3d 621, 623 (9th Cir. 1988); *see also* Ferdik v. Bonzelet, 963 F.3d 1258, 1260-61 (9th Cir. 1992). In addition, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. Karim-Panahi, 829 F.3d at 623-24.

Federal courts are courts of limited jurisdiction, and may only adjudicate cases which the Constitution and Congress authorizes them to adjudicate. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994). Jurisdiction in federal court must be based either on a claim arising under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331, or on diversity of citizenship, which applies to suits totaling more than $75,000 in controversy between citizens of different states, 28 U.S.C. § 1332. A claim arises under federal law if "federal law creates the cause of action ... or plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983).

The party invoking the court's jurisdiction bears the burden of establishing that jurisdiction is proper in federal court. Kokkonen, 511 U.S. 375. Federal Rules of Civil Procedure 12(h)(3) provides that a court may dismiss a case at any time if it lacks jurisdiction.

## DISCUSSION

In a previous order dismissing the city defendants, the court construed the first cause of action as a claim under 42 U.S.C. § 1983 for deprivation of plaintiff's Fourth Amendment rights under "color of law." 42 U.S.C. § 1983 provides a civil remedy for deprivation of rights secured by the Constitution and laws of the United States, when that deprivation takes place by a person acting under color of state law. Broam v. Bogan, 320 F.3d 1023, 1028 (9th Cir. 2003).[2] In its motion to dismiss before the court, defendant contends that plaintiff cannot state a § 1983 claim in part because defendant did not "act under color of state law."

To act under color of state law, a defendant must both "be a person who may fairly be said to be a state actor," and deprive plaintiff of "the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible." Sutton v. Providence S. Joseph Med. Ctr., 192 F.3d 826, 835 (9th Cir. 2011) (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). A person is a state actor when (1) the person performs a traditional and exclusively governmental function, (2) the person and the state are jointly involved in an action to the extent that the state "knowingly accepts the benefits derived from unconstitutional behavior," (3) the state

---

[2] Plaintiff references two federal statutes in his complaint, 18 U.S.C. § 241 and 18 U.S.C. § 242. However, these statutes are criminal statutes, and may not be the basis for a civil suit. Aldabe v. Aldabe, 616 F.3d 1089, 1092 (9th Cir. 1980).

Report and Recommendation - Page 6

compelled the person to engage in the subject activity, or (4) the person is entwined in governmental policies. Kirtley v. Rainey, 326 F.3d 1088, 1092-1094. A person is entwined in governmental policies if (1) the person is an organization composed primarily of state institutions, (2) state officials dominate the person's decision-making, (3) the person's funds are primarily generated by the government, or (4) where the person acts in lieu of a traditional state actor. Brentwood Academy v. Tennessee Secondary School Athletic Ass'n, 521 U.S. 288, 295-299 (2001).

The ultimate determination of whether there is state action presents a question of law for the court. *See* Blum v. Yaretsky, 457 U.S. 991, 997 (1982) (describing "whether there is state action" as one of "several issues of law" for the court); Han v. Dept. of Justice, 824 F.Supp 1480, 1492 (9th Cir. 1993 (evidence insufficient to show state action as a matter of law); Rodriguez v. Smithfield Packing Co., Inc., 338 F.3d 348, 354 (4th Cir.2003) ("[T]he ultimate resolution of whether an actor was ... functioning under color of law is a question of law for the court" (*quoting* Goldstein v. Chestnut Ridge Volunteer Fire Co., 218 F.3d 337, 344 n. 7 (4th Cir. 2000)).

In this case, construing the pleadings liberally and affording the *pro se* plaintiff the benefits of any doubt, the court finds that the complaint fails to allege facts showing that defendant was a state actor. Defendant is the owner of Redwood Center, which is a private commercial complex, and thus does not perform a traditional and exclusively governmental function. Plaintiff does not demonstrate how the government would benefit from any unconstitutional conduct, nor does it appear based on the facts alleged that the government compelled defendant to engage in any relevant activity. Additionally, defendant was not

Report and Recommendation - Page 7

"entwined in governmental policies." Indeed, plaintiff's statements that defendant conspired with the Josephine County District Attorney's Office and the Grants Pass Public Safety Office are legal conclusions, not specific facts that create a plausible factual dispute. A complaint must contain factual allegations that, if true, would form a basis for relief. *See* Ashcroft v. Iqbal, 556 U.S. 662 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" (*citing* Twombly, 550 U.S. at 556). Construing the pleadings in plaintiff's favor, the first cause of action does not contain facts supporting a § 1983 claim.

Nor does any other basis for relief in federal court appear from the facts alleged by plaintiff. The second cause of action is titled "Conspiracy to maliciously prosecute Wilson L. Clow Jr. with no legal basis but Barbara G. Bean and her employee's [sic] say so," and appears to reiterate the first cause of action. The third cause of action includes a claim that defendant defamed plaintiff and his family. However, defamation against a civil plaintiff is not a cause of action that arises under the Constitution, laws, or treaties of the United States, and thus may not be the basis for bringing a suit in federal court.

The court had discretion to retain supplemental jurisdiction over state law claims after dismissal of the federal claim. 28 U.S.C. § 1367(c)(3). When determining whether to retain supplemental jurisdiction over state law claims, the court should weigh factors such as economy, convenience, fairness, and comity. Brady v. Brown, 51 F.3d 810, 816 (9th Cir. 1995) (*citations omitted*). In this case, the federal law claim was examined rather early in the proceedings, state court is a convenient forum for the parties, and declining to exercise

Report and Recommendation - Page 8

supplemental jurisdiction respects the values of federalism and comity. Accordingly, the court declines to exercise supplemental jurisdiction over plaintiff's state law claim.

## RECOMMENDATION

Based on the foregoing, it is recommended that defendant Barbara G. Bean's motion to dismiss (#62) be granted, and that the claims against defendant be dismissed without prejudice to give plaintiff leave to file a complaint in state court.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals*. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. *Objections to this Report and Recommendation, if any, are due by December 4, 2012. If objections are filed, any response to the objections are due by December 18, 2012*, see *Federal Rules of Civil Procedure 72 and 6*.

Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 20 day of November, 2012.

MARK D. CLARKE
UNITED STATES MAGISTRATE JUDGE

Report and Recommendation - Page 9